UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                         :

LETIZIA MARTINEZ DE GONZALEZ, as
administratrix and executrix of      :   Case No. 07-CV-7462 (RJS)
the Estate of Emilio Martinez
Manautou, as Trustee of the          :
Emilio Martinez Manautou Trust,
and as Trustee of the EMM Trust,  :

     Plaintiff-Counterclaim        :
     Defendant,
                             :
        -against-                 **REPLY TO COUNTERCLAIM**
                             :
UBS AG and UBS TRUSTEES LTD.,
                             :
     Defendants-Counterclaim
     Plaintiff,                  :
       and
                             :
UBS AG,
                             :
     Third-Party Plaintiff,
                             :
        -against-
                             :
ROBERT J. REGER, JR. and THELEN,
REID, BROWN, RAYSMAN & STEINER,    :
LLP,
                             :
     Third-Party Defendants.
                             :
------------------------------------X

        Plaintiff Letizia Martinez de Gonzalez, as administratrix and executrix of the Estate of Emilio Martinez Manautou, as Trustee of the Emilio Martinez Manautou Trust, and as Trustee of the EMM Trust ("Ms. Gonzalez"), as and for her Reply to the Counterclaim of defendant UBS AG ("UBS") set forth in its Answer, Counterclaim and Third-Party Claims, dated October 25, 2007 (the "Counterclaim"), states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Counterclaim, except admits that UBS purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) and 28 U.S.C. § 1367(a), and otherwise denies the allegations with respect to the amount in controversy.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Counterclaim, except admits that UBS purports to invoke 28 U.S.C. § 1391(a), as the basis for placing venue in this district.

3. Admits the truth of the allegations in paragraph 3 of the Counterclaim.

4. Neither admits nor denies the allegations contained in paragraph 4 of the Counterclaim which makes no allegations against Ms. Gonzalez.

5. Neither admits nor denies the allegations contained in paragraph 5 of the Counterclaim which makes no allegations against Ms. Gonzalez.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Counterclaim, except admits that Thelen Reid served as legal counsel, advisor, and co-trustee to Dr. Martinez and certain trusts.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Counterclaim.

8. Denies the truth of the allegations in paragraph 8 of the Counterclaim.

9. Denies the allegations contained in paragraph 9 of the Counterclaim which only purport to set forth certain legal conclusions.

10. Denies the allegations contained in paragraph 10 of the Counterclaim, except admits that Reger was replaced as co-trustee of certain trusts.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Counterclaim in that they purport to allege what others, other than Ms. Gonzalez, knew and otherwise denies the allegations contained in paragraph 11 of the Counterclaim.

12. Denies the allegations contained in paragraph 12 of the Counterclaim since the allegations contained therein purport to set forth legal conclusions, except admits that Thelen Reid, as counsel, advisor and co-trustee, owed various duties, and at various times, to Dr. Martinez and certain trusts and beneficiaries, as imposed by law.

13. Denies the allegations contained in paragraph 13 of the Counterclaim since the allegations contained therein purport to set forth legal conclusions, except admits that Reger,

as legal counsel, advisor and co-trustee of certain trusts, owed various duties, and at various times, to Dr. Martinez, and certain trusts and beneficiaries, as imposed by law.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Counterclaim as they purport to allege what others, other than Ms. Gonzalez, knew or intended.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Counterclaim.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Counterclaim in that they purport to allege what others, other than Ms. Gonzalez, knew or should have known, and otherwise deny the allegations contained in paragraph 16 of the Counterclaim.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Counterclaim in that they purport to allege what others, other than Ms. Gonzalez, knew or should have known, and otherwise deny the allegations contained in paragraph 17 of the Counterclaim.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Counterclaim, except denies the allegations

that any funds transferred to UBS were associated with the EMM Trust.

19. Denies the allegations contained in paragraph 19 of the Counterclaim.

20. Denies the allegations contained in paragraph 20 of the Counterclaim.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Counterclaim in that they purport to allege what others, other than Ms. Gonzalez, knew or should have known, and otherwise denies the allegations contained in paragraph 21 of the Counterclaim.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Counterclaim in that they purport to allege what others, other than Ms. Gonzalez, knew or should have known, and otherwise denies the allegations contained in paragraph 22 of the Counterclaim.

23. Denies the allegations contained in paragraph 23 of the Counterclaim.

24. Denies the allegations contained in paragraph 24 of the Counterclaim.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Counterclaim in that they purport to allege

what others, other than Ms. Gonzalez, knew or should have known, and otherwise denies the allegations contained in paragraph 25 of the Counterclaim.

26. Denies the allegations contained in paragraph 26 of the Counterclaim.

27. Denies the allegations contained in paragraph 27 of the Counterclaim.

28. Denies the allegations contained in paragraph 28 of the Counterclaim.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Counterclaim in that they purport to allege what others, other than Ms. Gonzalez, knew or should have known, and otherwise denies the allegations contained in paragraph 29 of the Counterclaim.

30. Denies the allegations contained in paragraph 30 of the Counterclaim.

31. Denies the allegations contained in paragraph 31 of the Counterclaim.

32. Neither admits nor denies the allegations contained in paragraph 32 of the Counterclaim since the allegations contained therein purport to set forth legal conclusions, except admits that Reger, as legal counsel, advisor and co-trustee, owed various duties, and at various times, to Dr. Martinez, and certain trusts and beneficiaries, as imposed by

law, and otherwise denies the allegations contained in paragraph 32 of the Counterclaim.

33. Denies the allegations contained in paragraph 33 of the Counterclaim.

34. Denies the allegations contained in paragraph 34 of the Counterclaim.

WITH RESPECT TO<br>THE COUNTERCLAIM

35. With regard to the allegations contained in paragraph 35 of the Counterclaim, repeats and realleges all answers to paragraphs 1 though 34 as if more fully set forth herein.

36. Admits the truth of the allegations in paragraph 36 of the Counterclaim.

37. Denies the allegations contained in paragraph 37 of the Counterclaim.

38. Denies the allegations contained in paragraph 38 of the Counterclaim, and avers that UBS is jointly and severally liable to Ms. Gonzalez for all causes of action and all damages proven.

39. Denies the allegations contained in paragraph 39 of the Counterclaim, and avers that UBS is jointly and severally liable to Ms. Gonzalez for all causes of action and all damages proven.

### AS AND FOR A FIRST
### <u>AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM</u>

40. This Court lacks subject matter jurisdiction over the Counterclaim.

### AS AND FOR A SECOND
### <u>AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM</u>

41. The Counterclaim fails to state a cause of action upon which relief can be granted.

### AS AND FOR A THIRD
### <u>AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM</u>

42. UBS has made no allegations of wrongdoing against Ms. Gonzalez.

### AS AND FOR A FOURTH
### <u>AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM</u>

43. UBS acted in reckless disregard of facts of which it was aware or should have been aware.

### AS AND FOR A FIFTH
### <u>AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM</u>

44. UBS is barred from any recovery against Ms. Gonzalez because it failed to prevent/mitigate its alleged damages.

### AS AND FOR A SIXTH
### <u>AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM</u>

45. The Counterclaim is barred in whole or in part by the doctrines of estoppel and/or acquiescence.

### AS AND FOR A SEVENTH
### AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM

46. At all times relevant to this action, Ms. Gonzalez acted in good faith and according to the instructions of UBS.

### AS AND FOR AN EIGHTH
### AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM

47. The Counterclaim is barred in whole or in part by the doctrine of waiver.

### AS AND FOR A NINTH
### AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM

48. The Counterclaim is barred in whole or in part by the doctrine of unclean hands.

### AS AND FOR A TENTH
### AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM

49. The Counterclaim is barred in whole or in part by the doctrine of laches.

### AS AND FOR AN ELEVENTH
### AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM

50. Upon information and belief, UBS engaged in culpable conduct which were the proximate cause of the damages, if any, alleged in the Counterclaim.

### AS AND FOR A TWELFTH
### AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM

51. UBS lacks standing to bring the Counterclaim against Ms. Gonzalez.

### AS AND FOR A THIRTEENTH
### AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM

52. UBS is jointly and severally liable, with others, to Ms. Gonzalez for all losses incurred.

### WITH RESPECT TO
### THE THIRD-PARTY CLAIM

53. The Third-Party Claim is not asserted against Ms. Gonzalez and, therefore, Ms. Gonzalez need neither admit nor deny the allegations contained in paragraphs 40 through 43 of the Answer, Counterclaim and Third-Party Complaint, except avers that UBS and Third-Party Defendants are jointly and severally liable to Ms. Gonzalez for all causes of action and all damages proven.

WHEREFORE, Ms. Gonzalez respectfully requests that Judgment be entered in her favor dismissing the Counterclaim with prejudice, determining UBS to be jointly and severally liable and responsible for all the damages suffered by Ms. Gonzalez, individually, and as executrix and administratrix of the Estate of Emilio Martinez Manautou, as Trustee of the Emilio Martinez Manautou, and as Trustee of the EMM Trust, in an amount to be determined at the trial of her claims, granting her costs and attorney's fees, and awarding such other and further relief as to this Court deems just and proper.

Dated: New York, New York
       November 7, 2007

                        ANDERSON & OCHS, LLP

                        By: _____
                            Mitchel H. Ochs (MO-7796)
                            Chase C. Vergari (CV-0601)
                        61 Broadway, Suite 2900
                        New York, New York 10006
                        (212) 344-3600

                        *Attorneys for Plaintiff-Counterclaim Defendant*

To:  Owen C. Pell, Esq.
     White & Case LLP
     1155 Avenue of the Americas
     New York, New York  10036-2787

   *Attorneys for Defendant-Counterclaim
     Plaintiff UBS AG*