# ANDERSON & OCHS, LLP

61 BROADWAY, SUITE 2900
NEW YORK, NEW YORK 10006
TELEPHONE (212) 344-3600
TELECOPIER (212) 344-0970
WWW.ANDERSONOCHS.COM

MITCHEL H. OCHS
MEMBER
MOCHS@ANDERSONOCHS.COM

November 1, 2007

**BY HAND**

The Honorable Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 615
New York, New York 10007



Re: Martinez de Gonzalez v. UBS AG, *et an.*
Case No. 07 CIV 7462 (RJS)

Dear Judge Sullivan:

This firm represents plaintiff Letizia Martinez de Gonzalez ("Ms. Gonzalez"), as trustee and duly appointed executrix of the estate of her father, Dr. Emilio Martinez Manautou, ("Dr. Martinez"), in the above referenced action. In accordance with Rule 2.A of this Court's Individual Rules of Chambers, and the Court's Order of October 12, 2007, I respectfully write to request a pre-motion conference seeking leave to move this Court for an Order determining UBS Trustees Ltd. ("UBS Trustees") in default, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## BACKGROUND

By way of brief background, on or about August 22, 2007, Ms. Gonzalez commenced this action, naming UBS AG ("UBS") and UBS Trustees, as defendants. The gist of the action is grounded, in part, on the fact that UBS, through its representatives in New York, introduced Dr. Martinez to an investment and tax avoidance strategy that included "off-shore" trusts, and funding these trusts with monies transferred by Dr. Martinez from other financial institutions into UBS. In that connection, UBS introduced Dr. Martinez to its affiliate, UBS Trustees, arranged for UBS Trustees to establish off-shore trusts, under and guided by Singapore law, to arrange for Dr. Martinez to transfer his assets offshore and into two separate accounts with UBS in the name of UBS Trustees, and to use that affiliate to serve as trustees and fiduciaries over Dr. Martinez's assets. The facts are UBS retained its own legal counsel to opine on the tax-avoidance strategy it proposed using UBS Trustees, and received its counsel's opinion confirming the strategy; Dr. Martinez was provided trust forms prepared, and sent, by UBS and UBS Trustees in New York; Dr. Martinez executed all such required documentation he was provided by UBS and UBS Trustees in New York; and, UBS instructed Dr. Martinez to make

ANDERSON & OCHS, LLP

The Honorable Richard J. Sullivan
November 1, 2007
Page 2

changes to the trusts by sending what it called "letters of wishes" directly to UBS Trustees, which Dr. Martinez did on more than one occasion. For some, never explained, reason, UBS and UBS Trustees failed to implement the strategy, resulting in more that $1.8 million in avoidable U.S. estate taxes upon Dr. Martinez's death only several months later.

## SERVICE IS EFFECTED ON BOTH DEFENDANTS

On or about September 6, 2007, Deborah LaPointe of D.L.S., Inc. duly served a copy of the Summons and Complaint upon UBS Trustees, care of Corporation Service Company, the registered agent, and/or designated agent for receiving process from the Department of State, for over 40 separate UBS-affiliated entities. Gladys Ryan of Corporation Service Company accepted service on behalf of UBS Trustees; Ms. LaPointe's affidavit of service for UBS Trustees was duly filed with the Court. More than thirty days have passed since service was effected on UBS Trustees; UBS Trustees has failed to move, answer, or otherwise appear with respect to the Complaint.

On or about September 6, 2007, Hector Figueroa of DLS, Inc. duly served a copy of the Summons and Complaint upon UBS at its New York corporate headquarters, located at 101 Park Avenue, New York, New York. Jennifer Hochberg of UBS's New York branch accepted service on behalf of UBS, the parent entity of UBS Trustees.[1]

## THE MOTION FOR A DEFAULT JUDGMENT

Service of a Summons and Complaint upon the registered agent and/or designated agent in New York, of a foreign corporation or trust, constitutes valid service subjecting that foreign entity to the personal jurisdiction of a court in New York. *See, e.g.*, McKinney's CPLR §§ 311, 311-a (2007); McKinney's Bus. Corp. Law §§ 305, 306 (2007).

Under the laws of New York, moreover, valid service of a Summons and Complaint upon a parent corporation will also be deemed effective service upon an offshore subsidiary where the subsidiary acts as a "mere department" or "mere instrumentality" of the parent. *See Low v. Bayerische Motoren Werke, AG*, 88 A.D.2d 504, 449 N.Y.S.2d 733 (N.Y. App. Div., 1st Dep't 1982); *Brandt v. Volkswagen A.G.*, 161 A.D.2d 1149, 555 N.Y.S.2d 957 (N.Y. App. Div., 4th Dep't 1990). *See Public Adm'r of County of New York v. Royal Bank of Canada*, 19 N.Y.2d 127, 224 N.E.2d 877, 278 N.Y.S.2d 378 (N.Y. 1967) (By validly serving defendant Royal Bank of Canada, "jurisdiction was acquired over the French branch of the Royal

---

[1] UBS's counsel, White & Case, sought and obtained an extension of time to answer the Complaint against UBS to and including October 26, 2007. On or about October 25, 2007, UBS served and filed its Answer to the Complaint. White & Case has represented to counsel for Ms. Martinez, and to this Court, that it does not, and will not, represent UBS Trustees in this matter.

ANDERSON & OCHS, LLP

The Honorable Richard J. Sullivan
November 1, 2007
Page 3


Bank, notwithstanding that the French branch is separately incorporated in France. The record establishes that the Royal Bank of Canada (France) was nothing more than the name under which the defendant Royal Bank of Canada did business in France."). According to UBS's own website, UBS Trustees is an offshore, 100 percent, wholly owned subsidiary of UBS, through which UBS conducts its Global Wealth Management and Business Banking in Singapore.

Accordingly, UBS Trustees has been validly served with the Summons and Complaint, see Fed. Rules Civ. Proc. R. 4 (h)(1) and (e)(1) (2006), but has failed to answer, move or otherwise appear in this action, and, as such, is in default. See Fed. Rule Civ. Proc. R. 55.

Respectfully submitted,

Mitchel H. Ochs

MHO:kc
1860.05

cc: Owen Pell, Esq. (By Hand)


Counsel are directed to appear for a pre-motion conference on these matters on Dec. 5, 2007 at 10 AM.

SO ORDERED
Dated:
RICHARD J. SULLIVAN
U.S.D.J.