UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LETIZIA MARTINEZ DE GONZALEZ,
as administratrix and executrix of
the Estate of Emilio Martinez Manautou,
as Trustee of the Emilio Martinez Manautou
Trust, and as Trustee of the EMM Trust,

    Plaintiff-Counterclaim Defendant,

- against -

UBS AG and UBS TRUSTEES LTD.,

    Defendants-Counterclaim Plaintiff

and

UBS AG,

    Third-Party Plaintiff,

- against -

ROBERT J. REGER, JR. and
THELEN, REID, BROWN, RAYSMAN &
STEINER, LLP,

    Third-Party Defendants
-------------------------------------------------------x

Case No. 07 Civ. 7462 (RJS)

**ANSWER OF THIRD-PARTY DEFENDANTS ROBERT J. REGER, JR. AND THELEN**

## ANSWER

Third-party Defendants Robert J. Reger, Jr. ("Reger") and Thelen, Reid, Brown, Raysman & Steiner, LLP ("Thelen"), by and through their attorneys Quinn Emanuel Urquhart Oliver & Hedges, LLP, for their Answer to the Complaint of Defendant and Third Party Plaintiff UBS AG ("UBS"), state as follows:

76602/2326995.3

1. The allegations set forth in Paragraph 1 call for a legal conclusion and do not require a response. To the extent a response is required, Reger and Thelen deny the allegations set forth in Paragraph 1.

2. The allegations set forth in Paragraph 2 call for a legal conclusion and do not require a response. To the extent a response is required, Reger and Thelen deny the allegations set forth in Paragraph 2.

3. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3.

4. Reger and Thelen admit the allegations of Paragraph 4.

5. Reger and Thelen admit that Reger is an attorney licensed under New York law, that Reger is and was a member of Thelen, and that Reger is a resident of New York. The remaining allegations set forth in Paragraph 5 call for a legal conclusion and do not require a response. To the extent a response is required, Reger and Thelen deny the remaining allegations set forth in Paragraph 5.

6. The allegations set forth in Paragraph 6 call for a legal conclusion and do not require a response. To the extent a response is required, Reger and Thelen deny the allegations set forth in Paragraph 6, except respectfully refer the Court to the terms of any relevant engagement agreement(s).

7. The allegations set forth in the first sentence of Paragraph 7 call for a legal conclusion and do not require a response. Reger and Thelen admit that Josefa Sicard-Mirabal ("Sicard") was an associate at Thelen's New York office and worked on matters relating to Dr. Martinez. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

8.      Reger and Thelen admit that Sicard left Thelen. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8.

9.      The allegations set forth in Paragraph 9 call for a legal conclusion and do not require a response. To the extent a response is required, Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of those allegations.

10.     The allegations set forth in Paragraph 10 call for a legal conclusion and do not require a response. To the extent a response is required, Reger and Thelen deny the allegations set forth in Paragraph 10.

11.     Reger and Thelen admit that Reger knew Dr. Martinez had a relationship with Alicia Trevino. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11.

12.     The allegations set forth in Paragraph 12 call for a legal conclusion and do not require a response. To the extent a response is required, Reger and Thelen deny each and every allegation set forth in Paragraph 12.

13.     The allegations set forth in Paragraph 13 call for a legal conclusion and do not require a response. To the extent a response is required, Reger and Thelen deny each and every allegation set forth in Paragraph 13.

14.     Reger and Thelen admit Reger knew that Dr. Martinez maintained accounts at financial institutions other than UBS. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14.

15.     Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16. Reger and Thelen admit Reger knew that Dr. Martinez had invested in U.S. securities at various financial institutions, including UBS. To the extent the remaining allegations set forth in Paragraph 16 call for a legal conclusion, they do not require a response. To the extent a response is required, Reger and Thelen deny those allegations. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16.

17. The allegations set forth in Paragraph 17 call for a legal conclusion and do not require a response. To the extent a response is required, Reger and Thelen deny each and every allegation set forth in Paragraph 17.

18. Reger and Thelen admit that, in July 2004, Reger signed forms. Reger and Thelen deny the remaining allegations set forth in Paragraph 18, except respectfully refer the Court to the terms of the relevant forms.

19. The allegations set forth in Paragraph 19 call for a legal conclusion and do not require a response. To the extent a response is required, Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20. The allegations set forth in Paragraph 20 call for a legal conclusion and do not require a response. To the extent a response is required, Reger and Thelen deny each and every allegation set forth in Paragraph 20.

21. Reger and Thelen admit that Dr. Martinez gave Reger instructions with respect to an account at UBS. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21.

22. Reger and Thelen deny the allegations of Paragraph 22.

23. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24. Reger and Thelen deny the allegations of Paragraph 24, except respectfully refer the Court to the alleged agreements for their terms.

25. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26. Reger and Thelen deny the allegations of Paragraph 26, except respectfully refer the Court to the alleged agreements for their terms.

27. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 27. Reger and Thelen deny the remaining allegations of Paragraph 27, except respectfully refer the Court to the investment profiles.

28. Reger and Thelen deny the allegations set forth in the first sentence of Paragraph 28, except respectfully refer the Court to the alleged agreements for their terms. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28.

29. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32. The allegations set forth in the first sentence of Paragraph 32 call for a legal conclusion and do not require a response. To the extent a response is required, Reger and Thelen deny the allegations set forth in the first sentence of Paragraph 32. Reger and Thelen admit that Reger did not inform UBS that Reger objected to Dr. Martinez's investment choices with respect to accounts at UBS. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32.

33. The allegations set forth in the first sentence of Paragraph 33 call for a legal conclusion and do not require a response. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33.

34. Reger and Thelen deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35. In response to the allegations set forth in Paragraph 35, Reger and Thelen repeat, reallege, and reincorporate by reference the responses to the allegations set forth in Paragraphs 1-34 as if fully set forth herein.

36. Reger and Thelen deny the allegations set forth in Paragraph 36, except respectfully refer the Court to the Complaint.

37. The allegations set forth in Paragraph 37 call for a legal conclusion and do not require a response.

38. The allegations set forth in Paragraph 38 call for a legal conclusion and do not require a response.

39. The allegations set forth in Paragraph 39 call for a legal conclusion and do not require a response.

40. In response to the allegations set forth in Paragraph 40, Reger and Thelen repeat, reallege, and reincorporate by reference the responses to the allegations set forth in Paragraphs 1-39 as if fully set forth herein.

41. Reger and Thelen deny the allegations set forth in Paragraph 41, except respectfully refer the Court to the Complaint.

42. Reger and Thelen deny each and every allegation set forth in Paragraph 42.

43. Reger and Thelen deny each and every allegation set forth in Paragraph 43.

44. Reger and Thelen deny that UBS is entitled to any relief, whether or not asserted or requested, from Reger and Thelen.

## Affirmative Defenses

1. UBS fails to state a claim against Reger and Thelen upon which relief can be granted.

2. To the extent UBS has suffered damages, such damages were caused by UBS's conduct.

3. No action by Reger or Thelen was the proximate cause of any damages suffered by UBS.

4. No action by Reger or Thelen was the cause in fact of any damages suffered by UBS.

5. To the extent UBS has suffered damages, such damages were caused by Mrs. Gonzalez's conduct.

6. To the extent UBS has suffered damages, such damages were caused by other parties, which parties' actions were a supervening cause of any damages suffered by UBS.

7. The acts of third parties who have not been joined in this action caused all or part of the damages claimed by UBS herein.

8. At all times relevant to this action, Reger and Thelen acted with the knowledge and approval of Dr. Martinez.

9. At all times relevant to this action, Reger and Thelen acted in good faith and according to the intentions and instructions of Dr. Martinez.

10. Dr. Martinez was a physician who practiced in the United States, as well as a sophisticated investor with over twenty years of investing in U.S. financial markets, and was capable of directing his affairs.

11. UBS's unclean hands bar it from any relief.

12. UBS engaged in self-dealing and otherwise failed to act in good faith and in the best interests of Dr. Martinez, the Martinez Trusts, the Martinez Estate, and the beneficiaries of the Martinez Estate.

13. At all times relevant to this action, UBS was represented by counsel.

14. Under the terms of the Emilio Martinez Manautou Trust Agreement and the EMM Trust Agreement, Reger and Thelen shall not be held liable for any loss resulting from anything other than their own fraud or wrongful misconduct.

15. Reger and Thelen do not concede that the assertion of its affirmative defenses imposes any affirmative burden of proof on Reger and Thelen with respect thereto. Reger and Thelen reserve the right to supplement, amend or delete any or all of the affirmative defenses prior to any trial of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Reger and Thelen respectfully request that judgment be entered as follows:

1. Dismissing the Third-Party Complaint with prejudice and awarding Reger and Thelen reasonable attorneys' fees, costs, and expenses incurred in defending against this action.

2. Awarding such other and further relief as the Court deems just and proper.


Dated:  January 10, 2008
        New York, N.Y.



QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP

By: _____
    David L. Elsberg
    Michael T. Lifrak
    Angie Nguyen


51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Tel:   (212) 849-7000
Fax:   (212) 849-7100
davidelsberg@quinnemanuel.com
michaellifrak@quinnemanuel.com
angienguyen@quinnemanuel.com

Attorneys for Third-Party Defendants Robert J. Reger, Jr.
and Thelen, Reid, Brown, Raysman & Steiner, LLP

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2008, I caused the following document:

**ANSWER TO COMPLAINT BY DEFENDANT-THIRD PARTY PLAINTIFF UBS AG**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Mitchel H. Ochs, Esq.   mochs@andersonochs.com
- Robert S. Goodman, Esq.   rsgoodman@handlergoodman.com
- David L. Elsberg, Esq.   davidelsberg@quinnemanuel.com


Dated:   January 10, 2007
         New York, N.Y.


QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP

By:   /s/ David L. Elsberg
      David L. Elsberg
      Michael T. Lifrak (pending pro hac vice)
      Angie Nguyen

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Tel:   (212) 849-7000
Fax:   (212) 849-7100
davidelsberg@quinnemanuel.com
michaellifrak@quinnemanuel.com
angienguyen@quinnemanuel.com

Attorneys for Third-Party Defendants Robert J. Reger, Jr.
and Thelen, Reid, Brown, Raysman & Steiner, LLP

76633/2345609.1