Arthur M. Handler
Robert S. Goodman
HANDLER & GOODMAN LLP
805 Third Avenue, 8th Floor
New York, New York 10022
(646) 282-1900

Attorneys for Defendant, Counterclaim Plaintiff
and Third-Party Plaintiff UBS AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
LETIZIA MARTINEZ DE GONZALEZ, as   :
administratrix and executrix of the Estate of
Emilio Martinez Manautou, as Trustee of the :
Emilio Martinez Manautou Trust, and as
Trustee of the EMM Trust,          :

     Plaintiff-Counterclaim Defendant,   :

     - against -                        :     OPPOSITION DECLARATION
                                               OF OWEN C. PELL
UBS AG and UBS TRUSTEES LTD.,      :
                                         07 Civ. 7462 (RJS)
     Defendants-Counterclaim Plaintiff,  :

     and                                :

UBS AG,                            :

     Third-Party Plaintiff,             :

     - against -                        :

ROBERT J. REGER, JR. and
THELEN, REID, BROWN, RAYSMAN &     :
STEINER, LLP,

     Third-Party Defendants.            :
----------------------------------X

     OWEN C. PELL, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a member of the firm of White & Case LLP, which formerly was attorney of record in this action for defendant, counterclaim plaintiff and third party plaintiff UBS AG. I have personal knowledge of the facts set forth herein. This declaration is submitted in opposition to plaintiff's motion for the release to plaintiff of all monies on deposit at UBS AG in account No. 202440. In particular, this declaration is submitted to address certain unsworn statements which are inappropriately included in plaintiff's memorandum of law in support of her motion (see Pl. mem. at 2) purporting to recount off the record conversations that took place with the Court at the December 5, 2007 status conference, and subsequent settlement discussions between me and plaintiff's counsel, in an effort to negotiate a resolution of the subject matter of this motion, to wit, the disposition of funds remaining in account No. 202440.

2. To the extent plaintiff's memorandum references such discussions, it violates Rule of Evidence 408 by seeking to have this Court consider on this motion plaintiff's self-serving, inaccurate and unsworn arguments as to the substance and import of those discussions.

3. Plaintiff's view of the substance of those discussions is disputed. Unsworn statements in plaintiff's memorandum do not constitute "record" facts and should be disregarded by the Court. Plaintiff's memorandum incorrectly suggests that these discussions should be viewed as an admission against interest by UBS AG. This is particularly objectionable given the fact that plaintiff was on prior notice that the version of those discussions presented in her memorandum was disputed by UBS AG. See annexed December 19, 2007 letter to Your Honor from new counsel for UBS AG (Exhibit A hereto), the accuracy of which I hereby confirm. For all of the foregoing reasons, the objectionable material appearing on page 2 of plaintiff's memorandum should be disregarded by the Court.

4. It is clear that plaintiff's motion rests on a misguided reading of the terms of the parties' written account documents governing the account in question. Given the terms of the parties' agreement, only some of which were brought to the Court's attention at the December 5, 2007 status conference and in our prior letter to the Court dated November 6, 2007, the summary relief sought on this motion should be denied. As set forth in the accompanying opposition memorandum of law, UBS AG's continued retention of funds in the account is authorized under the express terms of the account documents. These funds represent the balance in the account remaining after a substantial portion of the funds were previously released to the plaintiff. For the reasons set forth in the opposition memorandum of law, it is correct, necessary and prudent for UBS AG to continue to retain the remainder of the funds.

5. Annexed hereto as Exhibit B a true copy of a receipt, release and refunding agreement dated April 9, 2005 pursuant to which over $4,800,000.00 was released from UBS AG to the plaintiff.

6. Annexed hereto as Exhibit C is a true copy of an instruction and release agreement dated December 21, 2005 pursuant to which over $9,000,000.00 was released from UBS AG to the plaintiff.

7. I declare under penalty of perjury that the foregoing is true and correct.

Executed on
February 7, 2008

_____
OWEN C. PELL