# EXHIBIT A

# HANDLER & GOODMAN LLP

Attorneys At Law

805 Third Avenue
New York, New York 10022

646-282-1900

Facsimile: 646-282-1905
Writer's Direct Line:
646-282-1902

Writer's E-mail Address:
rsgoodman@handlergoodman.com

December 19, 2007

BY HAND

The Honorable Richard J. Sullivan
United States District Judge
United States Courthouse
500 Pearl Street, Room 615
New York, New York 10007

Re:    Martinez de Gonzalez v. UBS AG, *et ano.*
       Case No. 07 Civ 7462 (RJS)

Dear Judge Sullivan:

We represent defendant UBS AG in the above-entitled action. Pursuant to the Court's order of December 5, 2007, I am submitting this letter on behalf of defendant UBS AG to advise the Court that the parties have not resolved any or all issues relating to the funds currently being held by UBS AG which are at issue in this litigation and that plaintiff intends to proceed with her proposed motion for an accounting pursuant to the briefing schedule set forth herein, provided such schedule meets with the Court's approval.

We offered to do a joint letter with plaintiff as the Court directed, but plaintiff's counsel has insisted on delivering his own letter.

As an initial matter, UBS objects to plaintiff advising the Court of plaintiff's view of discussions which are confidential settlement discussions. In doing so, plaintiff improperly goes beyond the scope of the order of December 5 which required only that the parties advise the Court if they had resolved any issues as to the currently held funds and if plaintiff would be proceeding with her motion for an accounting. Nothing further was required.

I have spoken to Owen Pell of White & Case, UBS AG's prior counsel, and been advised that plaintiff counsel's letter does not accurately reflect the proceedings in Court on December 5 or the discussions thereafter between counsel.

**HANDLER & GOODMAN LLP**

The Honorable Richard J. Sullivan
December 19, 2007
Page 2

At the December 5 conference, the parties explained their positions to the Court. Plaintiff seeks release of all the remaining funds in the hands of UBS AG. UBS AG's position is that under the account agreement governing the account in question, it may withhold (i) funds relating to plaintiff's tax claims; and (ii) funds relating to legal fees UBS AG has incurred and is incurring in this matter. UBS AG is not seeking to withhold funds relating to plaintiff's other claims. UBS AG also made clear that it sought a release similar to that used before to release other funds to plaintiff.

UBS AG's counsel has provided to plaintiff's counsel a proposed form of release and distribution agreement pursuant to which UBS AG is offering to release approximately $2.4 million dollars and retain $2.6 million. Plaintiff disagrees with UBS AG's position.

Accordingly, plaintiff has advised that she will pursue her motion. The following briefing schedule has been discussed with plaintiff's counsel, subject to the Court's approval:

Opening Brief by plaintiff due January 18, 2008;

Answering Brief by UBS AG due February 1, 2008;

Reply Brief by plaintiff due February 8, 2008.

I am available, at the Court's convenience, to discuss this matter if the Court wishes.

Respectfully yours,

*Robert S. Goodman*

Robert S. Goodman

RSG:sd
(3250-02)

cc: Mitchel H. Ochs, Esq. (by facsimile) (212-344-0970)

# EXHIBIT B

## RECEIPT, RELEASE AND REFUNDING AGREEMENT

WHEREAS, UBS AG ("UBS"), through its New York Branch, is the depository of accounts YR-325504 and YR-201995 (the "Accounts") as to which Emilio Martinez Manautou, deceased, and Letizia Martinez de Gonzalez ("Ms. Gonzalez") are named in the account documentation as joint depositors; and

WHEREAS, UBS, through its New York Branch, also is the depositary of accounts YR-202440, YR-322826, YR-329435 and YR-329445 established by Emilio Martinez Manautou, deceased (collectively, these are the "Other Accounts"); and

WHEREAS, Emilio Martinez Manautou died on December 24, 2004; and

WHEREAS, the Accounts are governed by New York law and each of the Accounts is titled as a joint tenancy with right of survivorship so as to vest Ms. Gonzalez, as the survivor, with sole ownership of each of the Accounts upon Emilio Martinez Manautou's death; and

WHEREAS, Ms. Gonzalez has requested that an immediate distribution be made to her of the full balance of each of the Accounts based upon her status as surviving joint tenant with right of survivorship; and

WHEREAS, Section 2203 of the Internal Revenue Code provides that the term "executor" shall mean, "if there is no executor or administrator appointed, qualified, and acting within the United States, then any person in actual or constructive possession of any property of the decedent . . ."; and

WHEREAS, the Estate of Emilio Martinez Manautou does not presently have an executor or administrator appointed, qualified, and acting within the United States; and

WHEREAS, Section 3713(b) to Title 31 of the United States Code provides that "[a] representative of a person or an estate . . . paying any part of a debt of the person or estate before paying a claim of the [United States] Government is liable to the extent of the payment for unpaid claims of the [United States] Government . . ."; and

WHEREAS, there is concern that Section 3713(b) to Title 31 of the United States Code could potentially apply to a distribution of any portion of the Accounts to Ms. Gonzalez; and

WHEREAS, there is further concern that one or more other persons may claim an interest in the Accounts.

NOW, THEREFORE,

1.    Ms. Gonzalez acknowledges receipt from UBS of the full balance of the Accounts as of April 6, 2005, as shown in Schedule I attached hereto and made a part hereof, representing her maximum and entire interest in the Accounts, with the exception of such securities not yet liquidated as are identified in Schedule II attached hereto and made a part hereof.  Ms. Gonzalez shall provide UBS, through its New York Branch, with all directions necessary to facilitate the transfer of the Accounts.

2.    Ms. Gonzalez makes the following representations intending that UBS shall rely upon them:

(a)  that she is above the age of 18 years;

(b)  that she has never transferred to any person or entity, or otherwise encumbered, in whole or in part, her interest in the Accounts;

(c)  that, to her best knowledge and belief, for purposes of this Agreement, as to the Accounts or Other Accounts there are (i) Ms. Gonzalez; (ii) Luis Gerardo Martinez Cardenas; (iii) Roberto Delgado Gonzalez; (iv) Georgina Martinez de Blasquez; (v) Sergio



Martinez (who may be an heir at law with respect to intestate property, but who is not otherwise named as a beneficiary); (vi) Josefa Sicard-Mirabel; and (vii) Alicia Trevino Montemayor, who may also be known as Alicia Trevino Hobbs (who collectively, are the "Potential Beneficiaries");

(d) that she has not been notified of any claims as to the Accounts or Other Accounts by any person or entity other than a Potential Beneficiary; and

(e) that she has provided notice of the transfers provided for in this Agreement to the Potential Beneficiaries or their respective counsel, or contemporaneously with such transfers, is providing such notice.

3.    Ms. Gonzalez hereby agrees:

(a) that, in the event that a claim of right is asserted to or against UBS (which includes any of its predecessors, successors, agents, parents, subsidiaries, affiliates, officers, directors, representatives, employees, partners, and assigns) in respect of the Accounts, or any part of either of them, in any judicial proceeding brought by any of the Potential Beneficiaries (other than Ms. Gonzalez), or any person acting by or through them, she (i) will, at her cost and expense, assume the defense of such claim, and (ii) will comply in a timely manner with any judicial order issued in such proceedings, whether final or interlocutory, to refund the full amount specified in such judicial order, without prejudice to such rights as Ms. Gonzalez may have to suspend the operation of such judicial order by stay, appeal, or other due process of law. UBS agrees (i) to provide Ms. Gonzalez with timely notice of such claim or proceeding, as provided in paragraph 8, below, (ii) to cooperate with Ms. Gonzalez in her defense of such claim or proceeding, (iii) to, at Ms. Gonzalez's cost and expense, assume the defense of such claim or proceeding only to the extent that Ms. Gonzalez does not timely respond thereto, and (iv) in the

event of Ms. Gonzalez's refunding all or a portion of the proceeds of the Accounts to UBS, that such funds shall be kept in an interest bearing account pending the final resolution thereof or other judicial order; and

(b) that, in the event that the United States Government, some other govermental unit (including without limitation a state of the United States or a foreign government) or any other third party asserts that UBS is or may be liable thereto for having made payments to Ms. Gonzalez in respect of her interests in the Accounts, she will (i) assume, at her cost and expense, the defense of such claim, and, upon a final determination by such claimant, (ii) promptly refund to UBS, at the time and place designated by UBS, upon demand therefor, the amount of any income or estate taxes, or other death taxes (as the case may be), assessed against the Estate of Emilio Martinez Manautou, deceased, together with interest and penalties thereon applicable to such refunding, that is attributable to any such payments, with the amount to be determined in the sole and absolute discretion of UBS, provided, that such obligation shall be without prejudice to such rights as Ms. Gonzalez may have under applicable law to suspend the effect of such assessment by appeal or other appropriate procedure; and

(c) that she will share with UBS, through its New York Branch, all information relating to any assertion of rights or claims with respect to the Accounts or the Other Accounts; and

(d) that, to the extent of any amounts, including reasonable amounts relating to attorneys, or other, fees and expenses associated with claims relating to the Accounts by reason of the claims described in the foregoing provisions of this paragraph 3, she will be liable for all such reasonable legal fees and expenses of UBS, and other costs and expenses of UBS relating to this Agreement or the enforcement thereof; and

(e) that, from the amount shown in paragraph 1, there shall be deducted $80,000 in respect of the Accounts' service fees, including reasonable fees and expenses for legal services, related to the disposition of assets in Accounts YR-325504 and YR-201995, payable to UBS pursuant to the contractual obligations applicable to such Accounts, through April 8, 2005. The payment of the fees described in subparagraph (e) from the Accounts is for the convenience of the parties hereto and shall not be deemed by any person to represent a determination by Ms. Gonzalez of the proper allocation of such fees and expenses and additional accruing fees and expenses to and among the Accounts, the Other Accounts or other assets of Emilio Martinez Manautou held elsewhere.

    4.    In consideration for releasing the Accounts, Ms. Gonzalez hereby grants to UBS, for its benefit and for the benefit of any of its predecessors, successors, agents, parents, subsidiaries, affiliates, officers, directors, representatives, employees, partners, and assigns (each a "Secured Party") a continuing lien on and security interest in any and all property in the Other Accounts and any funds credited thereto, and the proceeds of such property and funds, allocable, or that may become allocable, to her as beneficiary or heir at law of Emilio Martinez Manautou, to the extent any obligation owed by her or her assigns pursuant to this Agreement or otherwise is unpaid.

    5.    As additional consideration for releasing the Accounts, Ms. Gonzalez hereby agrees and acknowledges that UBS shall have the absolute and unconditional right to satisfy all or any portion of any obligation to pay any amounts that are due under this Agreement, including any reasonable attorneys, or other, fees and expenses associated with UBS's rights under this Agreement (or the enforcement thereof) by setoff against such amounts in the Other Accounts as are allocable, or that may become allocable, to her as a Potential Beneficiary. UBS shall effect

any such setoff by giving written notice of such setoff contemporaneously with such setoff at the address provided in paragraph 8, below, provided however, that the failure to give such notice shall not affect the validity of the setoff. This setoff provision shall be without prejudice and in addition to any right of setoff, combination of accounts, lien or other right to which UBS is at any time otherwise entitled (either by operation of law, contract or otherwise).

      6.      In connection with this Agreement and for good and valuable consideration the receipt of which is hereby expressly acknowledged, except for rights specifically granted to or retained by Ms. Gonzalez under this Agreement, itself, Ms. Gonzalez does hereby release, acquit, and forever discharge UBS of and from any and all manner of claims, actions, causes of action, suits, debts, damages, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, penalties, trespasses, court costs, judgments, extents, executions, claims for attorneys' fees, claims for exemplary or punitive damages, claims for consequential damages, and all claims and demands of whatever type in law or in equity, which against UBS Ms. Gonzalez ever had, now has, or hereafter may have for, upon, by reason of, in connection with, or relating in any way to the Accounts, whether known or unknown, from the beginning of the world to the day of the date of this Agreement. As a further clarification of this paragraph 6, it is expressly understood that nothing in this Agreement shall constitute a release, acquittal or discharge of any claims Ms. Gonzalez may have, in any capacity, against any person or entity by reason of, in connection with, or relating in any way to the Other Accounts.

      7.      Ms. Gonzalez hereby irrevocably agrees (a) to submit to the non-exclusive jurisdiction of any state or federal court sitting in New York City in any action, suit or

proceeding arising out of or relating to the Accounts; and (b) that, at UBS's option, all claims in respect of such action, suit or proceeding may be heard and determined in such courts.

8.     Without affecting UBS's right to serve legal process in any manner permitted by law, Ms. Gonzalez irrevocably consents to the service of any and all process in any such action, suit or proceeding by the mailing of copies of any such process to the attention of Ms. Gonzalez at 219 Lakeridge Road, San Antonio, Texas 78229.  Ms. Gonzalez may change this address in the future by faxed and mailed notice to UBS, through its New York Branch, with a copy of such notice to White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036, Attention: Maureen Donovan and Owen Pell.  Ms. Gonzalez and UBS agree that a final judgment in any such action, suit or proceeding shall be conclusive and may be enforced in other jurisdictions (including without limitation in countries other than the United States) by suit on the judgment or in any other manner provided by law.

9.     This Agreement may not be amended, altered, or changed absent a writing signed by Ms. Gonzalez and UBS.

10.     This Agreement shall in all respects be governed by, and construed in accordance with, the laws of the State of New York without regard to conflict of laws principles that would have the effect of applying laws of a different jurisdiction.

11.     The rights granted UBS under this Agreement in respect of the Accounts or the Other Accounts are in addition to, and not by way of limitation of, whatever rights UBS has under the agreements relating to the Accounts or the Other Accounts or under other contracts or applicable law relating thereto.

12.     This instrument shall be binding upon the heirs, distributees, executors, administrators, successors and assigns of Ms. Gonzalez.

11 05 08:06a     William Signet          512-372-8103          p.2

IN WITNESS WHEREOF, the undersigned have signed below.

Date April 9+h _____, 2005          _____ (L.S.)
                                        Letizia Martinez de Gonzalez

Witnesses:

_Prado L Prado_

_Raul Luiz Villarreal_

Date _____, 2005     _____
                                UBS

Date _____, 2005     _____
                                UBS

-11 05 08:06a    William Signet    512-372-8103    P.3

State of _Texas_____ )
County of _Bexar_____ ) ss.:

On the _9th_ day of _April_ in the year 2005 before me, the undersigned, personally appeared Letizia Martinez de Gonzalez, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument. Such individual made such appearance before the undersigned in _San Antonio, TX_____ (insert city or other political subdivision and state or country or other place acknowledgment was taken).

Notary Public
Commission Expires: 2/4/08
(Affix Stamp or Seal)

JENNIFER L. SAENZ
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 4, 2008

Mpr 11 05 09:08a    William Signet        512-272-8103        P.2

IN WITNESS WHEREOF, the undersigned have signed below:

Date _April 9+h_____, 2005                    (L.S.)

Witness:

_____

Date _Abril 11th_____, 2005

Date _4/11/05_____, 2005

UBS

**Alfredo Roth**
**Executive Director**
**Private Banking**

UBS

**Alex Oberti**
**Executive Director**
**Wealth Management**

SCHEDULE I

Receipt, Release and Refunding Agreement ("Agreement")

Pursuant to Paragraph 1 of the Agreement, the full balance of the Accounts as of April 6, 2005, is $4,833,853.00.

SCHEDULE 2

Receipt, Release and Refunding Agreement ("Agreement")

Pursuant to Paragraph 1 of the Agreement, the securities not yet liquidated are those whose approximate description is as follows:

| Quantity | Asset Description | Est. Market Value |
|----------|-------------------|-------------------|
| 250,000 | JPMORGAN CHASE BANK SER BKNT DTD 11/30/04 QUARTERLY CUSIP:48121CAF3 | U.S. $1,554.00 |

# EXHIBIT C

## INSTRUCTION AND RELEASE AGREEMENT

WHEREAS, UBS AG (defined herein to include any of its predecessors, successors, agents, parents, subsidiaries, affiliates, officers, directors, representatives, employees, partners, and assigns, and referred to hereinafter as "UBS"), through its New York Branch, is the depository of account YR-202440 ("Account 202440"), which was established by Emilio Martinez Manautou ("Dr. Martinez"), deceased, for the benefit of the Emilio Martinez Manautou Trust (the "Family Trust"), a trust governed under New York law pursuant to instrument dated March 7, 1994, as amended;

WHEREAS, UBS, through its New York Branch, is the depository of account YR-322826 ("Account 322826");

WHEREAS, Dr. Martinez was a resident and domiciliary of the State of Tamaulipas, Mexico, and he died on December 24, 2004;

WHEREAS, Dr. Martinez created the trust referred to herein as the "Family Trust" under Agreement dated March 7, 1994, made between Emilio Martinez Manautou, as Grantor, and Emilio Martinez Manautou and Robert J. Reger, Jr., as Trustees, as amended from time to time, the most recent amendment dated June 23, 2004, and a trust referred to herein as the "EMM Trust" under Agreement dated May 6, 1999, between Emilio Martinez Manautou, as Grantor, and Emilio Martinez Manautou and Robert J. Reger, Jr., as Trustees, as amended by an Amendment thereto dated May 22, 2003 (collectively, the two trusts may be referred to for convenience as the "Martinez Trusts"), which listed trust documents have been provided to UBS;

WHEREAS, by instruments dated August 26, 2004, Mr. Reger resigned as Trustee of each of the Martinez Trusts and by instruments dated August 31, 2004, which instruments have

been provided to UBS, Letizia Martinez de Gonzalez ("Mrs. Gonzalez") was appointed as Successor Trustee of each of the Martinez Trusts and accepted her appointment as Successor Trustee for each of the Martinez Trusts on the same date;

WHEREAS, the Martinez Trusts were fully revocable by Dr. Martinez who retained broad powers as Grantor thereof;

WHEREAS, the Will of Dr. Martinez, which was executed by Dr. Martinez on December 18, 2002 in Ciudad Victoria, capital of the State of Tamaulipas, Mexico, was judicially formalized in the Mixed Court of First Instance of the Tenth Judicial District in the State in Padilla, Tamaulipas, Mexico on February 4, 2005, and Mrs. Gonzalez, under the name Letizia Cecilia Martinez Cardenas, was recognized as the executor of said Will for the purposes of the distribution of Dr. Martinez' assets located in Mexico; and

WHEREAS, Mrs. Gonzalez was duly appointed as Executor (the "Executor") of the Estate of Emilio Martinez Manautou (the "Estate") by Probate Court No. 2, Bexar County, Texas on August 22, 2005; and

NOW, THEREFORE,

1.    Mrs. Gonzalez, in her capacity as Executor and as Trustee of the Martinez Trusts, hereby instructs UBS to transfer all such balance of, and assets held in, Account 322826 to an escrow account established at Wells Fargo Bank as the "Martinez Manautou Escrow" bearing account No. 18767600 (the "Escrow Account").

2.    The proposed Escrow Account opening documentation has been provided to UBS by the Executor and the Trustees of the Martinez Trusts, and no changes have been made to such documentation in establishing the Escrow Account.

2

3.    Mrs. Gonzalez, acting in her fiduciary capacities as Executor and as Trustee of the Martinez Trusts, hereby acknowledges receipt from UBS of the full balance of any securities held in Account 322826 as of December 19, 2005, as shown in Schedule A attached hereto, representing the maximum and entire interest in Account 322826, and further agrees to provide to UBS, through its New York Branch, any additional directions requested by UBS to facilitate the transfer of any such securities to the Escrow Account.

4.    Mrs. Gonzalez, in her capacity as Executor and as Trustee of the Martinez Trusts, hereby instructs UBS to transfer USD $6,000,000 from Account 202440 to the "Emilio Martinez Manautou Trust" account at Wells Fargo Bank bearing account No. 660-410-2217 (the "Family Trust Account").

5.    Mrs. Gonzalez, acting in her fiduciary capacities as Executor and as Trustee of the Martinez Trusts, hereby acknowledges receipt from UBS of USD $6,000,000 from the funds held in Account 202440 as of December 19, 2005, as shown in Schedule B hereto, and further agrees to provide to UBS, through its New York Branch, any additional directions requested by UBS to facilitate the transfer of USD $6,000,000 from Account 202440 to a successor custodian.

6.    For purposes of this Agreement, the following persons, other than the U.S. Government (as defined below) shall be hereinafter collectively referred to as the Potential Beneficiaries:  (i) Mrs. Gonzalez; (ii) Luis Gerardo Martinez Cardenas; (iii) Roberto Delgado Gonzalez; (iv) Georgina Martinez Viuda de Blasquez; (v) Sergio Martinez Cardenas; (vi) Josefa Sicard Mirabal; (vii) Alicia Trevino Montemayor (a/k/a Alicia Trevino Hobbs) ("Alicia Trevino"); and (viii) the United States government, or any political subdivision thereof (the "U.S. Government").  Nothing herein shall be construed as an admission or acknowledgment by

3

any party to this Agreement that such persons have an actual interest in either the Martinez Trusts or the Estate, either in law or in fact.

       7.     Mrs. Gonzalez, as Executor, and as Trustee of the Martinez Trusts, makes the following representations intending that UBS shall rely upon them:

          (a) that she is the sole surviving Trustee of the Martinez Trusts;

          (b) that she has not transferred or assigned to any person or entity, or otherwise encumbered, in whole or in part, any interest as Executor or as Trustee of the Martinez Trusts, nor any interest of the Estate in Accounts 202440 or 322826;

          (c) that the Escrow Account is an escrow account from which no funds may be released absent a judicial order or the signatures of the Executor, the then acting Trustees of the Martinez Trusts, and Alicia Trevino;

          (d) that copies of the Escrow Account opening documentation have been contemporaneously provided to Alicia Trevino and her counsel;

          (e) that the Family Trust Account was established and will be administered for the benefit of the Family Trust;

          (f) that the recitation of facts and circumstances in the "WHEREAS" clauses of this Agreement is true, correct and complete to the best of her knowledge and belief; and

          (g) that as Executor and as Trustee of the Martinez Trusts, simultaneously with the execution of this Agreement, she or counsel acting on her behalf will provide notice to the Potential Beneficiaries or their respective counsel of the Account 322826 and Account 202440 transfers provided for in this Agreement.

       8.     In connection with this Agreement and for good and valuable consideration the receipt of which is hereby expressly acknowledged, except for rights specifically granted to or

4

retained by Mrs. Gonzalez under this Agreement itself, Mrs. Gonzalez, individually, as Executor and as Trustee of the Martinez Trusts, does hereby release, acquit, and forever discharge UBS of and from any and all manner of claims, actions, causes of action, suits, debts, damages, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, penalties, trespasses, court costs, judgments, extents, executions, claims for attorneys' fees, claims for exemplary or punitive damages, claims for consequential damages, and all claims and demands of whatever type in law or in equity, against UBS, which Mrs. Gonzalez, or, including without limitation, the Potential Beneficiaries or the U.S. Government, or anyone else claiming by or through her in any capacity individually or as Executor or as Trustee of the Martinez Trusts, ever had, now has, or hereafter may have for, upon, by reason of, in connection with, or relating in any way to UBS's execution of the instructions in this Agreement relating to Account 322826 and Account 202440, whether known or unknown, from the beginning of the world to the day of the date of this Agreement.

9.    Mrs. Gonzalez, as Executor and as Trustee of the Martinez Trusts hereby:

(a) Agrees to reimburse, indemnify and hold harmless UBS from any and all claims, demands, liabilities, losses, damages or expenses, of any kind whatsoever by any Potential Beneficiary, or anyone claiming by, through or for any one of them in such capacity, other than a claim made by, through or for UBS Trustees (Singapore) Ltd., that UBS may at any time sustain, incur or become liable for in connection with her instructions and UBS's execution of such instructions relating to Account 322826 and Account 202440;

(b) Agrees that, in the event that a claim of right is asserted to or against UBS in connection with her instructions and UBS's execution of such instructions relating to Account 322826 and Account 202440, in any judicial proceeding brought by any of the Potential

5

Beneficiaries, or anyone claiming by, through or for any one of them in such capacity other than a claim made by, through or for UBS Trustees (Singapore) Ltd., including Mrs. Gonzalez individually or as Executor or as Trustee of the Martinez Trusts, Mrs. Gonzalez will, at the cost and expense of the Estate or the Martinez Trusts, assume the defense of such claims as are based on the instructions relating to Account 322826 and Account 202440, it being understood and agreed, however, that Mrs. Gonzalez is not obligated to assume the cost and expense of defending that portion of any such claims that are not based on or arising out of the aforementioned instructions.

(c) Agrees that she will share with UBS, through its New York Branch, all information relating to any assertion of rights or claims with respect to the instructions in this Agreement relating to Account 322826 and Account 202440; and

(d) Agrees that, to the extent of any amounts, including reasonable amounts relating to attorneys, or other, fees and expenses associated with claims relating to the foregoing provisions of this Paragraph 9, she will be liable for all such reasonable legal fees and expenses of UBS, and other costs and expenses of UBS relating to this Agreement or the enforcement thereof to the extent she does not comply with the provisions of this Paragraph 9.

10.    UBS agrees (i) to provide Mrs. Gonzalez with timely notice of a claim or proceeding described in Paragraph 9, above, (ii) that it will share with Mrs. Gonzalez all information relating to any assertion of rights or claims with respect to Account 322826 and Account 202440, (iii) to cooperate with Mrs. Gonzalez in her defense of such claim or proceeding, and (iv) to, at Mrs. Gonzalez's continuing cost and expense, assume the defense of such claim or proceeding only to the extent that Mrs. Gonzalez does not timely respond thereto.

11.    Mrs. Gonzalez hereby irrevocably agrees (a) to submit to the non-exclusive jurisdiction of any state or federal court sitting in New York City in any action, suit or proceeding arising out of or relating to the instructions in this Agreement relating to Account 322826 or Account 202440, or to this Agreement; and (b) that, at UBS's option, all claims in respect of any such action, suit or proceeding may be heard and determined in such courts.

12.    Without affecting UBS's right to serve legal process in any manner permitted by law, Mrs. Gonzalez irrevocably consents to the service of any and all process in any such action, suit or proceeding by service of any such process upon her by first class mail at 219 Lakeridge Road, San Antonio, Texas 78229, provided that a copy of such service papers is contemporaneously delivered to her counsel, William D. Signet, Signet Ramos Abogados, 4100 Flagstaff, Austin, Texas 78759. Mrs. Gonzalez or Mr. Signet, as the case may be, may change this address in the future by faxed and mailed notice to UBS, through its New York Branch, located at 101 Park Avenue, New York, New York, Attention: Jennifer Hochberg and UBS Legal Department, with a copy of such notice to White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036, Attention: Maureen D. Donovan and Owen Pell. Mrs. Gonzalez and UBS agree that a final judgment in any such action, suit or proceeding shall be conclusive and may be enforced in other jurisdictions (including without limitation in countries other than the United States) by suit on the judgment or in any other manner provided by law. The addresses provided in this paragraph, as they may be changed from time to time as provided herein, shall also be the addresses used for any notices delivered under this Agreement.

13.    UBS makes the following representations, intending that Mrs. Gonzalez, in her capacity as Executor and as Trustee of the Martinez Trusts, rely upon them:

(a)  That it has previously delivered or disclosed to Mrs. Gonzalez or her counsel all claims upon Account 322826 and Account 202440 made by any third person, including any of the Potential Beneficiaries (with the exception of Mrs. Gonzalez and her children and husband), whether written or verbal; and

(b)  That it has previously disclosed to Mrs. Gonzalez all assets held by it in Account 322826 and Account 202440.

(c)  That the assets set forth in the schedules attached to this Agreement constitute all assets held in Account 322826 and Account 202440 at the date shown therein.

14.    This Agreement may not be amended, altered, or changed absent a writing signed by Mrs. Gonzalez and UBS.

15.    This Agreement shall in all respects be governed by, and construed in accordance with, the laws of the State of New York without regard to conflict of laws principles that would have the effect of applying laws of a different jurisdiction.

16.    The rights granted under this Agreement in respect of Account 322826 and Account 202440 are in addition to, and not by way of limitation of, whatever rights the parties hereto have under the agreements relating to Account 322826 and Account 202440, or under other contracts or applicable law relating thereto, and under the Receipt, Release and Refunding Agreement executed on April 9, 2005, which remain in full force and effect.

17.    This instrument shall be binding upon the heirs, distributees, executors, administrators, successors and assigns of Mrs. Gonzalez individually and any successor executors or trustees wheresoever appointed.

IN WITNESS WHEREOF, the undersigned have signed below.

Date ___December 21___, 2005 _____ (L.S.)

Witnesses:

_____
Jorge _____

_____
Mario Fernández Alonso

UBS AG

By: _____

Date _____ 2005     By: _____

IN WITNESS WHEREOF, the undersigned have signed below.

Date _____, 2005    _____(L.S.)
Letizia Martinez de Gonzalez

Witnesses:

_____

_____

UBS AG

By: _____

Richard Duron
Managing Director

By: _____

Martin Emed
Director
Local Market Head

Date _____ DECEMBER 21, _____ 2005

Jennifer E. Hochberg
Executive Director
Legal Affairs

NEWYORK 5309714 v5 (2K)

State of _____ )
                                              ss.:
County of _____ )

On the _____ day of _____ in the year 2005 before me, the undersigned, personally appeared Letizia Martinez de Gonzalez, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument. Such individual made such appearance before the undersigned in _____ (insert city or other political subdivision and state or country or other place acknowledgment was taken).

_____
Notary Public
Commission Expires:
(Affix Stamp or Seal)

## SCHEDULE A

### Instruction and Release Agreement ("Agreement")

Pursuant to Paragraph 3 of the Agreement, the full balance of any securities held in Account 322826 as of December 19, 2005, is USD $3,113,019.00.

11

## SCHEDULE B

### Instruction and Release Agreement ("Agreement")

Pursuant to Paragraph 5 of the Agreement, the full balance of cash and cash equivalents held in Account 202440 as of December 19, 2005, is USD $10,681,175.00.

12