# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LETIZIA MARTINEZ DE GONZALEZ,<br>as administratrix and executrix of<br>the Estate of Emilio Martinez Manautou,<br>as Trustee of the Emilio Martinez Manautou<br>Trust, and as Trustee of the EMM Trust, :<br><br>Plaintiff-Counterclaim Defendant, :<br><br>– against – :<br><br>UBS AG and UBS TRUSTEES LTD., :<br><br>Defendants-Counterclaim Plaintiff :<br><br>and :<br><br>UBS AG, :<br><br>Third-Party Plaintiff, :<br><br>– against – :<br><br>ROBERT J. REGER, JR. and<br>THELEN, REID, BROWN, RAYSMAN &<br>STEINER, LLP, :<br><br>Third-Party Defendants. : | **Case No. 07 CIV 7462 (RJS)**<br><br><br><br><br><br>**ANSWER, COUNTERCLAIM<br>AND THIRD-PARTY CLAIM** |

---

Defendant UBS AG ("UBS"), by and through its attorneys White & Case LLP, for its Answer (with Counterclaim and Third-Party Claim) to the Complaint of Plaintiff Letizia Martinez de Gonzalez ("Plaintiff" or "Mrs. Gonzalez"), as administratrix and executrix of the Estate of the Estate of Emilio Martinez Manautou, as Trustee of the Emilio Martinez Manautou Trust, and as Trustee of the EMM Trust ("Complaint"), states as follows:

1.    Denies each and every allegation set forth in Paragraph 1 of the Complaint.

2.    Denies each and every allegation set forth in Paragraph 2 of the Complaint.

3.     Denies each and every allegation set forth in Paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 3.

4.     Denies each and every allegation set forth in Paragraph 4 of the Complaint.

5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.     Admits the allegations set forth in Paragraph 7 of the Complaint, except denies the allegations set forth in the third sentence of Paragraph 7 of the Complaint.

8.     Admits upon information and belief the allegations set forth in Paragraph 8 of the Complaint, except denies the allegations set forth in the second sentence of Paragraph 8 of the Complaint.

9.     The allegations set forth in Paragraph 9 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 9 of the Complaint.

10.    The allegations set forth in Paragraph 10 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 10 of the Complaint.

11.    Denies each and every allegation set forth in Paragraph 11 of the Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.    Admits upon information and belief the allegations set forth in Paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, except admits the allegations set forth in the second sentence of Paragraph 14 of the Complaint.

15.     Denies each and every allegation set forth in Paragraph 15 of the Complaint, except admits the allegations set forth in the first sentence of Paragraph 15 of the Complaint, and admits upon information and belief that Account YR-201995 was established by Dr. Martinez to provide financial support for Alicia Trevino.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, except admits the allegations set forth in the second sentence of Paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies each and every allegation set forth in Paragraph 18 of the Complaint. UBS states that at all times it followed Dr. Martinez's instructions as to his account at the bank.

19.     Denies each and every allegation set forth in Paragraph 19 of the Complaint.

20.     Denies each and every allegation set forth in Paragraph 20 of the Complaint.

21.     Denies each and every allegation set forth in Paragraph 21 of the Complaint.

22.     Denies each and every allegation set forth in Paragraph 22 of the Complaint.

23.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.     Denies each and every allegation set forth in Paragraph 24 of the Complaint.

25.     Denies each and every allegation set forth in Paragraph 25 of the Complaint.

26.     Denies each and every allegation set forth in Paragraph 26 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in the second and third sentence of Paragraph 26 of the Complaint. UBS states upon information and belief that it was Mrs. Gonzalez who undermined Dr. Martinez's relationship with his counsel.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, except admits the allegations set forth in the second sentence of Paragraph 27 of the Complaint.

28.    Denies each and every allegation set forth in Paragraph 28 of the Complaint.

29.    Denies each and every allegation set forth in Paragraph 29 of the Complaint.

30.    Denies each and every allegation set forth in Paragraph 30 of the Complaint, including the allegations in footnote 1, which relate to documents which speak for themselves.

31.    Denies each and every allegation set forth in Paragraph 31 of the Complaint.

32.    Denies each and every allegation set forth in Paragraph 32 of the Complaint.

33.    Denies each and every allegation set forth in Paragraph 33 of the Complaint.

34.    Denies each and every allegation set forth in Paragraph 34 of the Complaint, including allegations relating to a document which speaks for itself.

35.    Denies each and every allegation set forth in Paragraph 35 of the Complaint.

36.    Denies each and every allegation set forth in Paragraph 36 of the Complaint, except admits the allegations set forth in the first sentence of Paragraph 36 of the Complaint.

37.    Denies each and every allegation set forth in Paragraph 37 of the Complaint.

38.    Denies each and every allegation set forth in Paragraph 38 of the Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint. UBS states upon information and belief that Dr. Martinez was not estranged from Alicia Trevino, notwithstanding the efforts of Mrs. Gonzalez.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint, except admits that Dr. Martinez instructed UBS to terminate Alicia Trevino's credit card and to increase her monthly cash stipend.

41.     Denies each and every allegation set forth in Paragraph 41 of the Complaint, except admits the allegations set forth in the first sentence of Paragraph 41 of the Complaint.

42.     Denies each and every allegation set forth in Paragraph 42 of the Complaint, including the allegations which relate to documents which speak for themselves.

43.     Denies each and every allegation set forth in Paragraph 43 of the Complaint, except admits that Alicia Trevino commenced litigation in Texas Probate Court claiming multiple breaches of fiduciary duty by Mrs. Gonzalez.

44.     Denies each and every allegation set forth in Paragraph 44 of the Complaint.

45.     Denies each and every allegation set forth in Paragraph 45 of the Complaint.

46.     Admits the allegations set forth in Paragraph 46 of the Complaint, except denies the allegations contained in the final sentence of that paragraph and states that assets in account YR-202440 are retained by UBS in accordance with the written account agreements executed by Dr. Martinez.

47.     Admits the allegations set forth in Paragraph 47 of the Complaint, except denies the allegations set forth in the second sentence of Paragraph 47 of the Complaint.

48.     Denies each and every allegation set forth in Paragraph 48 of the Complaint.

49.     Denies each and every allegation set forth in Paragraph 49 of the Complaint.

50.     The allegations set forth in Paragraph 50 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 50 of the Complaint.

51.     Denies each and every allegation set forth in Paragraph 51 of the Complaint.

52.    Denies each and every allegation set forth in Paragraph 52 of the Complaint.

53.    Denies each and every allegation set forth in Paragraph 53 of the Complaint, except admits that Alicia Trevino sued Mrs. Gonzalez in Texas Probate Court for multiple breaches of fiduciary duty and other claims.

## AS FOR A FIRST CAUSE OF ACTION
(Breach of Fiduciary Duty)

54.    In response to the allegations set forth in Paragraph 54 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-53 as if fully set forth herein.

55.    Denies each and every allegation set forth in Paragraph 55 of the Complaint.

56.    The allegations set forth in Paragraph 56 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 56 of the Complaint.

57.    Denies each and every allegation set forth in Paragraph 57 of the Complaint.

58.    Denies each and every allegation set forth in Paragraph 58 of the Complaint.

59.    Denies each and every allegation set forth in Paragraph 59 of the Complaint.

## AS FOR A SECOND CAUSE OF ACTION
(Breach of Fiduciary Duty)

60.    In response to the allegations set forth in Paragraph 60 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-59 as if fully set forth herein.

61.    The allegations set forth in Paragraph 61 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 61 of the Complaint.

62.    The allegations set forth in Paragraph 62 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 62 of the Complaint.

63.    Denies each and every allegation set forth in Paragraph 63 of the Complaint.

64.    Denies each and every allegation set forth in Paragraph 64 of the Complaint.

65.    Denies each and every allegation set forth in Paragraph 65 of the Complaint.

## AS FOR A THIRD CAUSE OF ACTION
(Aiding and Abetting Breach of Fiduciary Duty)

66.    In response to the allegations set forth in Paragraph 66 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-65 as if fully set forth herein.

67.    The allegations set forth in Paragraph 67 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 67 of the Complaint.

68.    Denies each and every allegation set forth in Paragraph 68 of the Complaint.

69.    Denies each and every allegation set forth in Paragraph 69 of the Complaint.

70.    Denies each and every allegation set forth in Paragraph 70 of the Complaint.

## AS FOR A FOURTH CAUSE OF ACTION
(Aiding and Abetting Breach of Fiduciary Duty)

71.    In response to the allegations set forth in Paragraph 71 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-70 as if fully set forth herein.

72.    The allegations set forth in Paragraph 72 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 72 of the Complaint.

73.    Denies each and every allegation set forth in Paragraph 73 of the Complaint.

74.    Denies each and every allegation set forth in Paragraph 74 of the Complaint.

75.    Denies each and every allegation set forth in Paragraph 75 of the Complaint.

## AS FOR A FIFTH CAUSE OF ACTION
(Breach of Contract)

76.    In response to the allegations set forth in Paragraph 76 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-75 as if fully set forth herein.

77.    UBS admits that it entered into written account agreements with Dr. Martinez, the terms of which speak for themselves. UBS otherwise denies any other allegations set forth in Paragraph 77 of the Complaint.

78.    Denies each and every allegation set forth in Paragraph 78 of the Complaint.

79.    Denies each and every allegation set forth in Paragraph 79 of the Complaint.

80.    Denies each and every allegation set forth in Paragraph 80 of the Complaint.

## AS FOR A SIXTH CAUSE OF ACTION
(Breach of Third Party Beneficiary Contract)

81.    In response to the allegations set forth in Paragraph 81 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-80 as if fully set forth herein.

82.    UBS admits that it entered into written account agreements with Dr. Martinez, the terms of which speak for themselves. UBS otherwise denies any other allegations set forth in Paragraph 82 of the Complaint.

83.    The allegations set forth in Paragraph 83 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 83 of the Complaint.

84.     Denies each and every allegation set forth in Paragraph 84 of the Complaint.

85.     Denies each and every allegation set forth in Paragraph 85 of the Complaint.

86.     Denies each and every allegation set forth in Paragraph 86 of the Complaint.

## AS FOR A SEVENTH CAUSE OF ACTION
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

87.     In response to the allegations set forth in Paragraph 87 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-86 as if fully set forth herein.

88.     UBS admits that it entered into written account agreements with Dr. Martinez, the terms of which speak for themselves. UBS otherwise denies any other allegations set forth in Paragraph 88 of the Complaint.

89.     The allegations set forth in Paragraph 89 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 89 of the Complaint.

90.     Denies each and every allegation set forth in Paragraph 90 of the Complaint.

91.     Denies each and every allegation set forth in Paragraph 91 of the Complaint.

92.     Denies each and every allegation set forth in Paragraph 92 of the Complaint.

## AS FOR AN EIGHTH CAUSE OF ACTION
(Unjust Enrichment)

93.     In response to the allegations set forth in Paragraph 93 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-92 as if fully set forth herein.

94.     UBS admits that it entered into written account agreements with Dr. Martinez, the terms of which speak for themselves. UBS otherwise denies any other allegations set forth in Paragraph 94 of the Complaint.

95.    Denies each and every allegation set forth in Paragraph 95 of the Complaint.

96.    Denies each and every allegation set forth in Paragraph 96 of the Complaint.

97.    Denies each and every allegation set forth in Paragraph 97 of the Complaint.

98.    Denies each and every allegation set forth in Paragraph 98 of the Complaint.

## AS FOR A NINTH CAUSE OF ACTION
(Negligence)

99.    In response to the allegations set forth in Paragraph 99 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-98 as if fully set forth herein.

100.    The allegations set forth in Paragraph 100 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 100 of the Complaint.

101.    Denies each and every allegation set forth in Paragraph 101 of the Complaint.

102.    Denies each and every allegation set forth in Paragraph 102 of the Complaint.

103.    Denies each and every allegation set forth in Paragraph 103 of the Complaint.

## AS FOR A TENTH CAUSE OF ACTION
(Gross Negligence)

104.    In response to the allegations set forth in Paragraph 104 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-103 as if fully set forth herein.

105.    The allegations set forth in Paragraph 105 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 105 of the Complaint.

106.    Denies each and every allegation set forth in Paragraph 106 of the Complaint.

107.    Denies each and every allegation set forth in Paragraph 107 of the Complaint.

108.    Denies each and every allegation set forth in Paragraph 108 of the Complaint.

## AS FOR AN ELEVENTH CAUSE OF ACTION
(Fraud in the Inducement)

109.    In response to the allegations set forth in Paragraph 109 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-108 as if fully set forth herein.

110.    Denies each and every allegation set forth in Paragraph 110 of the Complaint.

111.    Denies each and every allegation set forth in Paragraph 111 of the Complaint.

112.    Denies each and every allegation set forth in Paragraph 112 of the Complaint.

113.    Denies each and every allegation set forth in Paragraph 113 of the Complaint.

114.    Denies each and every allegation set forth in Paragraph 114 of the Complaint.

115.    Denies each and every allegation set forth in Paragraph 115 of the Complaint.

116.    Denies each and every allegation set forth in Paragraph 116 of the Complaint.

117.    Denies each and every allegation set forth in Paragraph 117 of the Complaint.

## AS FOR A TWELFTH CAUSE OF ACTION
(Imposition of a Constructive Trust)

118.    In response to the allegations set forth in Paragraph 118 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-117 as if fully set forth herein.

119.    Denies each and every allegation set forth in Paragraph 119 of the Complaint.

120.    Denies each and every allegation set forth in Paragraph 120 of the Complaint.

## AS FOR A THIRTEENTH CAUSE OF ACTION
(Declaratory Judgment)

121.    In response to the allegations set forth in Paragraph 121 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-120 as if fully set forth herein.

122.    Denies each and every allegation set forth in Paragraph 122 of the Complaint.

123.    The allegations set forth in Paragraph 123 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 123 of the Complaint.

124.    The allegations set forth in Paragraph 124 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 124 of the Complaint.

125.    Denies each and every allegation set forth in Paragraph 125 of the Complaint.

## AS FOR A FOURTEENTH CAUSE OF ACTION
(Permanent Injunction)

126.    In response to the allegations set forth in Paragraph 126 of the Complaint, UBS repeats, realleges, and reincorporates by reference the responses to the allegations set forth in Paragraphs 1-125 as if fully set forth herein.

127.    Denies each and every allegation set forth in Paragraph 127 of the Complaint.

128.    The allegations set forth in Paragraph 128 of the Complaint are allegations of law and do not require a response. To the extent a response is required, UBS denies each and every allegation set forth in Paragraph 128 of the Complaint.

129.    Denies each and every allegation set forth in Paragraph 129 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's claims are duplicative of a breach of contract claim.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff fails to plead fraud with the particularity mandated by Rule 9(b) of the Federal Rules of Civil Procedure.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred, in whole or in part, by Article 8 of the New York Uniform Commercial Code.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's unclean hands bar the relief it seeks.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.      In accordance with the written account agreements executed by Dr. Martinez, Plaintiff is not entitled to consequential or punitive damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.      To the extent Plaintiff has suffered damages, such damages were caused by Plaintiff's own conduct.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.      To the extent Plaintiff has suffered damages, such damages were caused by Robert J. Reger, Jr.'s conduct.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.      To the extent Plaintiff has suffered damages, such damages were caused by Thelen, Reid, Brown, Raysman & Steiner LLP's conduct.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10.    To the extent Plaintiff has suffered damages, such damages were caused by other parties, which parties' actions were a supervening cause of any damages suffered by Plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff engaged in self-dealing and otherwise failed to act in good faith and in the best interests of Dr. Martinez, the Martinez Trusts, the Martinez Estate, and the beneficiaries of the Martinez Estate.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12.    At all times relevant to this action, UBS acted with the knowledge and approval of the Plaintiff.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13.    At all times relevant to this action, UBS acted in good faith and according to the intentions and instructions of Dr. Martinez.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14.    At all times relevant to this action, Dr. Martinez, the Martinez Trusts and the Martinez Estate were represented by counsel.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15.    No action by UBS was the proximate cause of any damage suffered by Plaintiff.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

16.    No action by UBS was the cause in fact of any damages suffered by Plaintiff.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Dr. Martinez was a sophisticated investor, with over twenty years of experience investing in U.S. securities markets and was capable of directing his affairs.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

18.     The acts of third parties who have not been joined in this action caused all or part of the damages claimed herein.

19.     UBS does not concede that the assertion of its affirmative defenses imposes any burden of proof on UBS with respect thereto. UBS reserves the right to supplement, amend or delete any or all of the affirmative defenses prior to any trial of this action.

## DEFENDANT UBS'S COUNTERCLAIM AND THIRD-PARTY CLAIM

Defendant UBS, by its attorneys, as and for their counterclaims against Plaintiff-Counterclaim Defendant LETIZIA MARTINEZ DE GONZALEZ, as administrator and executrix of the Martinez Estate, and as trustee of the Martinez Trusts, and as and for their claims against Third-Party Defendants, THELEN REID BROWN RAYSMAN & STEINER LLP ("Thelen Reid") and ROBERT J. REGER, JR. ("Reger") with knowledge as to their own acts and otherwise upon information and belief, alleges as follows:

1.     Jurisdiction is based on 28 U.S.C. § 1332(a)(2) as the matter in controversy in the main action exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between citizens of a State and citizens or subjects of a foreign state, and on 28 U.S.C. § 1367(a), under ancillary and supplemental jurisdiction of this Court.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

3.     Upon information and belief, Letizia Martinez de Gonzalez is a citizen of Mexico.

4.     Upon information and belief, Thelen Reid is a limited liability partnership engaged in the practice of law. Thelen Reid has offices at 875 Third Avenue, New York, New York and 900 Third Avenue, New York, New York.

5.     Upon information and belief, Reger is an attorney licensed under New York law, was a member of Thelen Reid at all times relevant hereto, and is a resident of New York.

## FACTS

6.      Upon information and belief, Thelen Reid was retained by Dr. Martinez to render legal advice regarding Dr. Martinez's estate planning matters, including the establishment of the Martinez Trusts.

7.      Upon information and belief, Thelen Reid had attorneys capable of rendering estate planning and tax advice with respect to the Martinez Trusts. Upon information and belief, Josefa Sicard-Mirabal ("Sicard") was an associate at Thelen Reid's New York office and worked on matters relating to Dr. Martinez. Sicard was listed as a recipient of account information regarding Account YR-202440 and Account YR-201995.

8.      Upon information and belief, after Sicard left Thelen Reid, she was retained by Dr. Martinez as an advisor. In that role, she occasionally instructed UBS on how to invest and manage Dr. Martinez's accounts.

9.      Upon information and belief, Sicard was an agent for Mrs. Gonzalez, Reger and Thelen Reid. Sicard was authorized to represent them and act on their behalf.

10.     Reger was a co-trustee of the Martinez Trusts. In August 2004, Mrs. Gonzalez replaced Reger as a co-trustee of the Martinez Trusts.

11.     Upon information and belief, Mrs. Gonzalez, Reger, Thelen Reid, and Sicard knew that Dr. Martinez had a longstanding relationship with Alicia Trevino and that Dr. Martinez intended to ensure for Ms. Trevino's financial security.

12.     Thelen Reid owed a duty of care to Dr. Martinez, the Martinez Trusts, and the Martinez Estate and its beneficiaries, including Alicia Trevino.

13.     Reger and Mrs. Gonzalez owed fiduciary duties to Dr. Martinez, the Martinez Trusts, and the Martinez Estate and its beneficiaries, including Alicia Trevino.

14.    Reger knew that Dr. Martinez maintained accounts associated with the Martinez Trusts at financial institutions other than UBS.  Reger knew that Dr. Martinez intended to transfer some of those funds to a new account to be established at UBS.

15.    In June 2004, Sicard accompanied Dr. Martinez to a meeting with UBS representatives.  During that meeting, Dr. Martinez informed UBS representatives of his intent to transfer Martinez Trusts funds from other financial institutions to a new account to be established at UBS.

16.    Mrs. Gonzalez, Reger, Thelen Reid and Sicard knew or should have known that Dr. Martinez had invested in U.S. securities at various financial institutions, including UBS.

17.    Upon information and belief, Mrs. Gonzalez, Reger, Thelen Reid and Sicard knew or should have known that these investments would subject Dr. Martinez to U.S. estate taxation with respect to those securities.

18.    In July 2004, Reger approved and signed forms instructing Merrill Lynch to transfer securities to UBS.  At Merrill Lynch, these funds were associated with the EMM Trust and were being transferred to a UBS account specifically associated with that trust.

19.    The funds previously held at Merrill Lynch were already subject to U.S. estate taxes at the time of transfer to UBS in July 2004.

20.    The beneficiary of the EMM Trust was Alicia Trevino, Dr. Martinez's long time companion.

21.    Upon information and belief, Mrs. Gonzalez, Reger, Thelen Reid and Sicard knew or should have known that Dr. Martinez intended to open an account associated with the EMM Trust at UBS.

22.    Upon information and belief, Mrs. Gonzalez, Reger, Thelen Reid and Sicard knew that Dr. Martinez had strong feelings for Alicia Trevino and had sought to provide for her

financially, including through a large monthly stipend and a separate New York trust. Mrs. Gonzalez sought to reverse her father's plans as to Alicia Trevino.

23.    In the summer and fall of 2004, Dr. Martinez directed UBS to begin taking steps to transfer the assets in certain accounts to separate accounts to be established under trust documents prepared between Dr. Martinez and UBS Trustees (Singapore) Ltd. ("Singapore Trust"). Dr. Martinez's instructions did not specify how UBS was to effect the transfer of these assets when the Singapore Trust was established.

24.    UBS's account agreements with Dr. Martinez expressly stated that UBS was not providing tax advice to Dr. Martinez.

25.    Upon information and belief, Mrs. Gonzalez, Reger, Thelen Reid and Sicard knew or should have known the terms of those account agreements.

26.    UBS's account agreements with Dr. Martinez expressly stated that UBS is entitled to expenses, including attorneys' fees and costs, arising out of any claim, lawsuit or judgment relating to those accounts.

27.    Dr. Martinez chose his investment profile as to each UBS account and directed UBS to follow those profiles. Upon information and belief, Mrs. Gonzalez, Reger, Thelen Reid and Sicard knew or should have known about those investment profiles. None of those profiles excluded U.S. securities from Dr. Martinez's accounts.

28.    By the terms of the Dr. Martinez's accounts, UBS was required to take instructions from Dr. Martinez on how his assets were invested and managed. Upon information and belief, Dr. Martinez and Mrs. Gonzalez received account statements for all his accounts.

29.    Upon information and belief, Mrs. Gonzalez, Reger, Thelen Reid and Sicard knew or should have known that Dr. Martinez's investment objectives included a high return.

Upon information and belief, at UBS, Dr. Martinez's return on investments was 43 percent in the period from June 1998 to June 2004.

30.    Dr. Martinez was providing changing instructions to UBS regarding the Singapore Trust as late as December 2004, the month of his death. At the same time, however, upon information and belief, Mrs. Gonzalez was pressuring Dr. Martinez to transfer substantial sums of money otherwise intended for Alicia Trevino to an account held jointly by Mrs. Gonzalez and Dr. Martinez. Upon information and belief, Mrs. Gonzalez's actions delayed her father from completing his instructions with respect to the Singapore Trust prior to his death.

31.    Upon information and belief, these actions by Mrs. Gonzalez led to her being sued in Texas Probate Court by Alicia Trevino.

32.    Mrs. Gonzalez and Reger, as trustees and fiduciaries of Dr. Martinez, the Martinez Trusts, and the Martinez Estate had a duty to act with due care in managing the Martinez Trust assets. Neither Mrs. Gonzalez nor Reger ever informed UBS that they objected to any of Dr. Martinez's investment choices with respect to accounts at UBS.

33.    As a joint account holder of certain accounts with Dr. Martinez, Mrs. Gonzalez was authorized to make investment decisions regarding those accounts together with Dr. Martinez. Mrs. Gonzalez never objected to any investment choices made by Dr. Martinez and never objected to any actions by UBS.

34.    Upon information and belief, Mrs. Gonzalez's husband, a prominent Mexican politician, contacted UBS after Dr. Martinez's death and attempted to intimidate the bank into releasing funds to Mrs. Gonzalez.

## AS FOR A FIRST COUNTERCLAIM
(Contribution and/or Indemnification)

35.    UBS repeats and realleges each and every allegation in Paragraphs 1-34 of Defendant UBS's Counterclaim and Third-Party Claim as if fully set forth herein.

36.    Plaintiff-Counterclaim Defendant Mrs. Gonzalez has asserted claims against UBS in her Complaint.

37.    Plaintiff-Counterclaim Defendant Mrs. Gonzalez is liable to UBS for expenses, including attorneys' fees and costs, arising out of this action.

38.    To the extent it is determined that UBS is liable to Plaintiff-Counterclaim Defendant Mrs. Gonzalez, Plaintiff-Counterclaim Defendant Mrs. Gonzalez is liable to UBS, in an amount to be determined at trial.

39.    Thus, but only in the event this Court fails to dismiss Plaintiff-Counterclaim Defendant Mrs. Gonzalez's Complaint, any and all recovery against UBS must be extinguished or diminished based on Plaintiff-Counterclaim Defendant Mrs. Gonzalez's actions in causing losses to Dr. Martinez, the Martinez Trusts, the Martinez Estate and the beneficiaries of the Martinez Estate.

### THIRD-PARTY CLAIM
(Contribution and/or Indemnification)

40.    UBS repeats and realleges each and every allegation in Paragraphs 1-39 of its Counterclaim and Third-Party Claim as if fully set forth herein.

41.    Plaintiff-Counterclaim Defendant Mrs. Gonzalez has asserted claims against UBS in her Complaint.

42.    To the extent it is determined that UBS is liable to Plaintiff-Counterclaim Defendant Mrs. Gonzalez, Third-Party Defendants Reger and Thelen Reid are liable to UBS, in an amount to be determined at trial.

43.    Thus, but only in the event this Court fails to dismiss Plaintiff-Counterclaim Defendant's Complaint, any and all recovery against UBS must be extinguished or diminished based on the actions of Third-Party Defendants Reger, Thelen Reid and Sicard which caused

losses to Dr. Martinez, the Martinez Trusts, the Martinez Estate and the beneficiaries of the Martinez Estate.

WHEREFORE, UBS respectfully requests that judgment be entered as follows:

1.    Dismissing the Complaint with prejudice and awarding UBS reasonable attorney fees, costs and expenses incurred in defending against this action.

2.    Awarding UBS damages in an amount to be determined at trial on its Counterclaim and Third-Party Claim.

3.    Awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
        October 25, 2007

WHITE & CASE LLP

By: /s/  Owen C. Pell
    Owen C. Pell (OCP-0118)
    Jenna Z. Nicenko (JN-0846)
1155 Avenue of the Americas
New York, New York  10036-2787
Tel:    (212) 819-8200
Fax:    (212) 354-8113
Attorneys for Defendant UBS AG

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                        :      **ECF CASE**

LETIZIA MARTINEZ DE GONZALEZ, as
administratrix and executrix of the Estate of    :       Case No. 07-CV-7462 (RJS)
Emilio Martinez Manautou, as Trustee of the
Emilio Martinez Manautou Trust, and as Trustee   :
of the EMM Trust,

                                :

       Plaintiff-Counterclaim Defendant,

                                :

           -against-

                                :

UBS AG and UBS TRUSTEES LTD.,              **PLAINTIFF'S MANDATORY**
                                :      **INITIAL DISCLOSURE**
       Defendants-Counterclaim Plaintiff      **PURSUANT TO RULE 26(a)(1)**

                                :

            and

                                :

UBS AG,

                                :

       Third-Party Plaintiff,

                                :

           -against-

                                :

ROBERT J. REGER, JR. and THELEN, REID,
BROWN, RAYSMAN & STEINER, LLP,

       Third-Party Defendants.

                                :
---------------------------------------------------------- X

        In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure,

plaintiff Letizia Martinez de Gonzalez, as administratrix and executrix of the Estate of

Emilio Martinez Manautou, as Trustee of the Emilio Martinez Manautou Trust, and as

Trustee of the EMM Trust ("Ms. Gonzalez" or "Plaintiff"), by and through her counsel,

Anderson & Ochs, LLP, makes the following mandatory disclosures:

## RIGHT TO AMEND OR SUPPLEMENT

Ms. Gonzalez reserves the right to supplement, amend or in any other way change the disclosures made herein, consistent with any information obtained or otherwise discovered. No disclosure herein shall constitute a waiver of any privilege, objection or defense with respect to any document or witness identified herein.

## DEFINITIONS

The following definitions are hereby incorporated herein:

1.     "UBS" means UBS AG and/or UBS Trustees (Singapore), Ltd. defendants in this action.

2.     The "Complaint" means the complaint in this action, brought by Ms. Gonzalez, filed on or about August 22, 2007.

3.     The "Answer" means the Answer, Counterclaim and Third-Party Claims, dated October 25, 2007, interposed by UBS, in this action.

4.     "Plaintiff's Reply" means the Reply to Counterclaim, dated November 7, 2007, interposed by Ms. Gonzalez, in this action.

## I.     DISCLOSURES REQUIRED BY RULE 26(a)(1)(A)

Based on Plaintiff's initial investigation of the matters referenced in the Complaint, in the Answer, and/or in Plaintiff's Reply, Ms. Gonzalez provides the following names and addresses, if known, of individuals who may have information relating to Plaintiff's claims and defenses:

1.     Douglas F. Allen, Jr., Esq., c/o Thelen Reid Brown

Raysman & Steiner LLP, 900 Third Avenue, New York,

NY 10022.

- 2 -

2.    Thomas Baranzelli, c/o UBS AG, 101 Park Avenue, New
      York, New York 10178.

3.    Felicia Gomez, c/o UBS AG, 101 Park Avenue, New York,
      New York 10178.

4.    Michael Lamontagne, c/o Merrill Lynch & Co., 4 World
      Financial Center, 250 Vesey Street, New York, New York
      10080.

5.    Alejandro Ob·.rli, c/o UBS AG, 101 Park Avenue, New
      York, New York 10178.

6.    Eduardo Ramirez, c/o UBS AG, 101 Park Avenue, New
      York, New York 10178.

7.    Robert J. Reger, Jr., Esq., c/o Thelen Reid Brown Raysman
      & Steiner LLP, 875 Third Avenue, 10th Floor, New York,
      NY 10022.

8.    Josefa Sicard-Mirabel, 808 Brickell Key Drive, #2803,
      Miami, Florida 33131.

9.    Alicia Trevino Montemayor a/k/a Alicia Trevino Hobbs
      ("Ms Trevino"), c/o Rodriguez & Nicolas, L.L.P., 200 E.
      Harrison Street, Brownsville, Texas 78520.

10.   Marisaa Weinberger, c/o UBS AG, 101 Park Avenue, New
      York, New York 10178.

- 3 -

## II.   DISCLOSURE REQUIRED BY RULE 26(a)(1)(B)

Based on Plaintiff's initial investigation of the matters referenced in the Complaint, in the Answer, and/or in Plaintiff's Reply, Ms. Gonzalez identifies the following documents or categories of documents currently in the possession, custody and/or control of Ms. Gonzalez and/or her attorneys, which Plaintiff may use in support of her claims and defenses:

1.   Electronic copies of documents, Bates stamped UBSMARTINEZ00001 to UBSMARTINEZ04664, previously produced to counsel for Ms. Gonzalez by UBS.

2.   UBS bank account and other records, Bates stamped UBS-EMM 00001 to UBS-EMM 02664, previously produced to counsel for Ms. Gonzalez by UBS.

3.   Correspondence between representatives and attorneys of UBS, on the one hand, and attorneys for Ms. Gonzalez, on the other.

4.   Correspondence between attorneys or representatives of Thelen Reid Brown Raysman & Steiner, LLP, on the one hand, and attorneys for Ms. Gonzalez, on the other.

5.   Correspondence between attorneys for Ms. Trevino, on the one hand, and attorneys for Ms. Gonzalez, on the other.

6.   Correspondence between the beneficiaries of the Emilio Martinez Manautou Trust, and their attorneys, on the one hand, and attorneys for Ms. Gonzalez, on the other.

- 4 -

7. Bank account statements and other related records and documentation from Wells Fargo and J.P. Morgan Chase & Co., Inc.

8. Trust instruments and documentation relating to the Emilio Martinez Manautou Trust and the EMM Trust.

9. Documentation relating to the legal proceeding, brought in Probate Court No. 2 in Bexar County, Texas, styled <u>Estate of Martinez Manautou</u>, No. 2005-PC-2506 and No. 2005-PC-2506-A.

In addition, Ms. Gonzalez identifies the following locations for additional documents possibly relating to Plaintiff's claims and defenses:

1. Akin & Almanza, 2301 S. Capital of Texas Highway, Building H, Austin, Texas 78746.

2. Cantor & Webb P.A., 1001 Brickell Bay Drive, Miami Florida 33131.

3. Cox Smith Matthews Incorporated, 112 E. Pecan Street, Suite 1800, San Antonio, TX 78205-1521.

4. Merrill Lynch & Co., 4 World Financial Center, 250 Vesey Street, New York, New York 10080.

5. Rodriguez & Nicolas, L.L.P., 200 E. Harrison Street, Brownsville, Texas 78520.

6. Thelen Reid Brown Raysman & Steiner, LLP, 875 Third Avenue, New York, NY 10022.

7.   UBS AG, 101 Park Avenue, New York, New York 10178.

8.   UBS Trustees (Singapore), Ltd., 5 Temasek Boulevard,
     #18-00 Suntec Tower Five, Singapore 038985.

9.   WithumSmith+Brown, One Spring Street, New Brunswick,
     NJ 08901.

## III.   DISCLOSURE REQUIRED BY RULE 26 (a)(1)(C)

Ms. Gonzalez identifies the following computation of damages in connection with Plaintiff's claims:

1.   approximately $1.6 million, representing losses sustained
     by Plaintiff for exposure to U.S. estate taxes unnecessarily
     incurred by Dr. Martinez's estate as a result of unsuitable
     investments and investment strategies chosen by
     defendants, including investments in low-yield, tax-free
     treasuries, wholly unsuitable for non-U.S. residents, and
     defendants' failure and neglect to implement their chosen
     tax savings strategy prior to his death;

2.   approximately $3,500,000, representing litigation costs,
     including attorney fees, unnecessarily incurred in defending
     claims brought by Ms. Trevino against Ms. Gonzalez and
     Dr. Martinez's estate, as a result of defendants'
     mishandling/gross negligence in carrying out Dr.
     Martinez's instructions with respect to the administration of
     his assets;

- 6 -

3.      an amount to be determined, representing a reasonable

assumed rate of return on millions of dollars of estate trust

monies UBS had been holding in a non-interest bearing

account.

Ms. Gonzalez further identifies the following relief in connection with her

complaint:

the immediate return of the approximately $5 million of

estate/trust monies currently being held by UBS and

belonging to Dr. Martinez's estate.

## IV.    DISCLOSURE REQUIRED BY RULE 26 (a)(1)(D)

There is no applicable insurance agreement.


Dated:    New York, New York
          January 15, 2008

ANDERSON & OCHS, LLP

By

Mitchel H. Ochs (MO-7796)
Chase C. Vergari (CV-0601)
61 Broadway, Suite 2900
New York, New York 10006
(212) 344-3600

*Attorneys for Plaintiff-Counterclaim Defendant*

- 7 -

To:     Robert S. Goodman, Esq.
        Handler & Goodman, LLP
        805 Third Avenue, 8th Floor
        New York, New York 10022

        *Attorneys for Defendant-Counterclaim*
          *Plaintiff UBS AG*

        David Elsberg, Esq.
        Quinn Emanuel
        51 Madison Avenue, 22nd Floor
        New York, New York 10010

        *Attorneys for Third-Party Defendants*
          *Robert J. Reger, Jr. and Thelen,*
          *Reid, Brown, Raysman & Steiner,*
          *LLP*